## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                             **Plaintiff,** )<br>vs.                                           )<br>                                           )<br>1)CLETUS R. WILLERTON; )<br>2)LINDA L. WILLERTON; )<br>3)DELARY MCGLUMPHY, if living or if deceased, )<br>the unknown heirs, executors, administrators, devisees, )<br>trustees and assigns of Delary McGlumphy, deceased; )<br>6)BANK OF OKLAHOMA; )<br>7)BOARD OF COUNTY COMMISSIONERS OF )<br>MUSKOGEE COUNTY, OKLAHOMA; )<br>8)COUNTY TREASURER OF MUSKOGEE )<br>COUNTY, OKLAHOMA, )<br>10)DARRELL RAY MCGLUMPHY; )<br>                                  **Defendants.** ) | **CIV 10-45-JHP** |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this 24th day of June, 2011, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Robert Gay Guthrie, Assistant United States Attorney for the Eastern District of Oklahoma; the defendants, Cletus R. Willerton and Linda R. Willerton, appearing by their attorney, A. Camp Bonds, Jr.; the defendant, Bank of Oklahoma, appearing by its attorney, Hugh H. Fudge; the defendants, Freda McGlumphy, Service Collection Association, Jack Douglas McGlumphy, Delary McGlumphy, Jr., Danna McGlumphy, Linda Diane McGlumphy and Debra Sue McGlumphy Butler, having filed their disclaimers herein, and none of the other defendants appearing either in person or by counsel, but being wholly in default; the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in this action, the defendants, Delary McGlumphy, if living or if deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Delary McGlumphy, deceased and Delary McGlumphy, Jr., if living or if

deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Delary McGlumphy, Jr., were served by publication, pursuant to an Order of this Court, and said Order was published in the Muskogee Daily Phoenix for six (6) consecutive weeks as verified by the Affidavit of Publication filed herein, all in compliance with statutes.

The Court conducted a judicial inquiry into the sufficiency of plaintiff's search to determine the names and whereabouts of the defendants who were served herein by publication, and based upon the evidence adduced the Court finds that plaintiff has exercised due diligence and has conducted a meaningful search of all reasonably available sources at hand. The Court approves the publication service given herein as meeting both statutory requirements and the minimum standard of state and federal due process; and that pursuant to the requirements of 28 U.S.C. §1655, more than 20 days has passed; the Court further finds that said defendants have made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendants; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendants not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

The defendants, Board of County Commissioners of Muskogee County, Oklahoma and the County Treasurer of Muskogee County, Oklahoma, were served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendants have made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendants; the Court further finds that

plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendants not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

NOW, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the note, and real estate mortgage, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given an in rem judgment against the defendant, Cletus R. Willerton and Linda R. Willerton, as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Cletus R. Willerton and Linda L. Willerton, on or about the following dates and in the amounts indicated, executed and delivered to plaintiff four promissory notes.

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note | 01-18-95 | $ 13,707.36 | 5% | 15 |
| Note | 01-18-95 | $135,453.11 | 5% | 15 |
| Note | 01-18-95 | $ 21,030.97 | 4½% | 15 |
| Note | 10-26-95 | $ 50,000.00 | 5% | 7 |

Some of the notes have been rescheduled, reamortized and/or consolidated from prior notes. .

Further, that in order to secure the payment of said promissory notes, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgages whereby they conveyed and mortgaged to plaintiff the following described real property situated in Muskogee County, Oklahoma, to-wit:

**E½ SE¼, Section 18, Township 15 N, Range 15E, Muskogee County, less ½ acre in SE corner[1].**

**NE NW, Section 18, T16, R16, Muskogee County.**

**S½ of Lot 9 and S½ of Lot 10, Section 30, T16, R16, Muskogee County.**

**Lot 11 Section 30, T16, R16, Muskogee County.**

which mortgages were duly executed and acknowledged by said borrowers, and the same are dated, acknowledged, and filed in the office of the County Clerk of Muskogee County, Oklahoma, as follows:

| Instrument | Filed | Book | Page |
|---|---|---|---|
| Mortgage | 08-10-90 | 2053 | 290 |
| Mortgage | 10-26-95 | 2355 | 152 |

Through scrivener's error the mortgages listed above incorrectly refer to Section 18 instead of Section 31. Plaintiff requests that the Court reform the legal descriptions to change the references from Section 18 to Section 31 as intended by the parties to the instruments. The correct legal description is as follows and is the remaining property to be foreclosed:

**NE NW, Section 31, T16, R16, Muskogee County.**

**S½ of Lot 9, less and except the North 110 feet of the West 427.7 feet thereof, and S½ of Lot 10, Section 30, T16, R16, Muskogee County.**

**Lot 11 Section 30, T16, R16, Muskogee County.**

All other security has been liquidated.

---

[1] The E2 SE4 Section 18, Township 15 N, Range 15 E, Muskogee County, less ½ acre in SE corner, was previously released by FSA on May 15, 1996.

That the said defendants have defaulted in the payments provided in said note, and mortgage and have not paid the same in the amounts and at the times they agreed to pay the same, and by reason thereof, there is now due and owing the principal sum of $216,860.08, plus interest accrued through January 14, 2011, in the amount of $122,268.23, plus interest from that date at the daily rate of $28.5533 until the date of judgment, and thereafter at the legal rate until paid in full, plus all costs and future costs of this action, including maintenance and protection fees; that by reason of the aforementioned default, plaintiff has elected to declare the entire principal balance and accrued interest thereon due and payable at once.

Further, that the said mortgage expressly provides that if the borrowers default in the payment of the debt secured thereby, the mortgagee may foreclose said mortgage and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on the said debt; and that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; and that plaintiff mortgagee states that it desires to have said real property sold with appraisement.

Further, that the defendant, Bank of Oklahoma, is claiming some right, title, and interest in the property which is subject of this action by virtue of a judgment rendered against the defendant, Linda R. Willerton, Case No. CS-04-228, in the District Court of Muskogee County, Oklahoma, and the outstanding balance on said judgment is the sum of $12,842.62, including interest, costs, and attorney fees; but that said judgment lien is junior and inferior to the mortgage lien of the plaintiff.

Further, the defendants, Cletus R. Willerton and Linda R. Willerton, have answered in this action stating they are in default of the notes and mortgages held by the plaintiff.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

1. That the plaintiff have an in rem judgment against the defendants, Cletus R. Willerton and Linda R. Willerton.

2. That the mortgage lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That should a sale and confirmation occur, the defendants, Cletus R. Willerton, Linda R. Willerton, Freda McGlumphy, Service Collection Association, Jack Douglas McGlumphy, Delary McGlumphy, Jr., Danna McGlumphy, Linda Diane McGlumphy, Debra Sue McGlumphy Butler, Delary McGlumphy, if living or if deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Delary McGlumphy, deceased and Delary McGlumphy, Jr., if living or if deceased, the unknown heirs, executors, administrators, devisees, trustees and assigns of Delary McGlumphy, Jr., and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendants, and each of them, and all persons claiming by, through or under them, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

4. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

5. The correct legal description, as hereby reformed, for the security remaining to be foreclosed is:

**NE NW, Section 31, T16, R16, Muskogee County.**

**S½ of Lot 9, less and except the North 110 feet of the West 427.7 feet thereof, and S½ of Lot 10, Section 30, T16, R16, Muskogee County.**

**Lot 11 Section 30, T16, R16, Muskogee County.**

6. That the proceeds from the sale of said mortgaged property be applied as follows:

FIRST: To the payment of costs of this action, including service by publication in the amount of $618.15, and the cost of foreclosure sale;

SECOND: To the satisfaction of the in rem judgment in favor of the plaintiff, in the amount of $216,860.08, plus interest through January 24, 2011, in the amount of $122,268.23 plus interest from that date at the daily rate of $28.5533, until the date of judgment, plus interest from the date of judgment at the legal rate of  .18%   per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD: To the satisfaction of the lien in favor of the defendant, Bank of Oklahoma in the amount of $12,842.62;

FOURTH: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

APPROVED AS TO FORM:

MARK F. GREEN
United States Attorney

S/ROBERT GAY GUTHRIE
ROBERT GAY GUTHRIE
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5100
918-684-5130 - fax
gay.guthrie@usdoj.gov

<u>BANK OF OKLAHOMA</u>
Defendant

<u>S/HUGH H. FUDGE            </u>
HUGH H. FUDGE, O.B.A. 20487
Robinson & Hoover
119 N. Robinson
Suite 1000
Oklahoma City OK 73102
405-232-6464
 fudge@robinsonhoover.com

<u>S/A. CAMP BONDS, JR.,</u>
A. CAMP BONDS, JR., O.B.A. 944
P O Box 1906
Muskogee OK 74402-1906
918-683-2911
918-687-0846
[cbondsjr@bondsmatthews.com](cbondsjr@bondsmatthews.com)

Attorney for Cletus & Linda Willerton